UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>GTD VENTURES, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-07525-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS**<br><br>Re: Dkt. No. 33 |

## I.   INTRODUCTION

On June 14, 2022, David Sidran of Sidran Law Corp filed a Motion to Withdraw as Counsel for Defendant Visible Vibrations, LLC. ECF No. 33. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 21, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## II.   BACKGROUND

Plaintiff Scott Johnson brings this case under the Americans with Disabilities Act to compel Defendants GTD Ventures, LLC and Visible Vibrations, LLC to provide accessible sales counters and door hardware at Visible Vibrations, located at 1618 S. El Camino Real, San Mateo, California. Compl., ECF No. 1. Sidran represents both defendants. Under General Order 56, all proceedings have been stayed pending the completion of a joint site inspection, meet and confer, and settlement discussions. The parties participated in a settlement conference on May 20 but have been unable to resolve the matter informally. ECF No. 32.

Sidran filed the present motion on June 14, citing an irretrievable breakdown of the attorney-client relationship. Sidran states that "[w]ithout wishing to get into details that might

1  jeopardize the attorney client privilege, there has been an irretrievable breakdown of
2  communication between the Sidran Law Corp and Defendant VISIBLE VIBRATIONS, LLC.
3  This breakdown of communication has made it so that it has become impossible for the Sidran
4  Law Corp Firm to carry out its employment effectively." Sidran Decl. ¶ 2, ECF No. 33-2.  Sidran
5  states that Visible Vibrations has been notified that the Sidran Law Corp would be bringing this
6  motion "on numerous occasions for the last few weeks unless the communication issues were able
7  to be resolved," and the motion was served on Visible Vibrations at their last known contact
8  information.  *Id.* ¶ 4.

### III.  LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  The conduct of counsel, including seeking leave to withdraw from a case, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case."  *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).  "When addressing a motion to withdraw, the consent of the client is not dispositive."  *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)).  Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 1.16(d), which provides that withdrawal is not permitted until the member has taken steps

1 to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient
2 notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e)
3 (regarding the return of all client materials and property), and complying with all other applicable
4 laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10,
5 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by
6 simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to
7 withdraw may be subject to the condition that papers may continue to be served on counsel for
8 forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R.
9 11-5(b).

## IV. DISCUSSION

Based on the record in this case, the Court finds good cause exists to permit withdrawal. California Rule of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation, including when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Prof. Conduct 1.16(b)(4). Given the irretrievable breakdown of communication between Sidran and Visible Vibrations regarding this case, as well as Visible Vibrations' failure to respond to this motion, withdrawal is appropriate. *See Tabak v. Apple, Inc.*, 2021 WL 6332780, at *2 (N.D. Cal. Dec. 9, 2021) (granting withdrawal under Rule 1.16(b)(4) due to "breakdown in communication"); *Harman v. Ahern*, 2015 WL 4043244, at *2 (N.D. Cal. July 1, 2015) (failure to communicate constitutes good cause for withdrawal); *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal."). In addition, the Court finds Sidran has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct because it provided reasonable advance notice to Visible Vibrations of this motion and provided it time to obtain substitute counsel.

Based on this record, the Court finds good cause exists to permit Sidran's withdrawal. However, corporations can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the

3

1  law for the better part of two centuries . . . that a corporation may appear in the federal courts only
2  through licensed counsel.") (citations omitted); *Bourbeau v. Cognitive Code Corp.*, 693 F. App'x
3  499, 503 (9th Cir. 2017) (affirming district court's dismissal based on corporation's failure to
4  retain counsel). As it is unclear if Visible Vibrations is aware of this requirement, the Court shall
5  grant Sidran's motion to withdraw on the condition that he remain counsel of record for
6  forwarding purposes until Visible Vibrations retains alternate counsel as provided by Civil Local
7  Rule 11-5(b). Visible Vibrations shall file substitution of counsel by July 29, 2022. Failure to
8  retain substitute counsel could result in the entry of default judgment. *See Emp. Painters' Trust v.*
9  *Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where
10 corporate defendant failed to obtain substitute counsel); *United States v. High Country Broad. Co.,*
11 *Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Sidran Law Corp's Motion to Withdraw as Counsel for Defendant Visible Vibrations, LLC. As Visible Vibrations has not consented to the withdrawal and no substitution of counsel has been filed on its behalf, the motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on Visible Vibrations for forwarding purposes until a substitution of counsel is filed. *See* Civ. L.R. 11-5(b). For all such documents, Sidran shall e-file proof of service. Visible Vibrations must file a substitution of counsel by July 29, 2022.

**IT IS SO ORDERED.**

Dated: June 29, 2022

THOMAS S. HIXSON
United States Magistrate Judge