UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>GTD VENTURES, LLC, et al.,<br><br>  Defendants. | Case No. 21-cv-07525-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 59 |

## I.   INTRODUCTION

Plaintiff Scott Johnson brought this case under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, to compel Defendants GTD Ventures, LLC and Visible Vibrations, LLC to provide accessible door hardware at Visible Vibrations, located at 1618 S. El Camino Real, San Mateo, California. After learning that the business at issue has permanently closed, Johnson sought to dismiss both defendants by stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 53. However, as the stipulation was signed by Johnson and GTD Ventures only, and Defendant Visible Vibrations filed an answer but had made no appearance since its counsel withdrew, the Court instructed Johnson that he could not dismiss Visible Vibrations by stipulation. ECF Nos. 55, 58. Johnson now moves to dismiss Visible Vibrations under Rule 41(a)(2). No opposition has been received. The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 8, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered Johnson's position, relevant legal authority, and the record in this case, the Court **GRANTS** Johnson's motion for the following reasons.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 27, 29.

## II. BACKGROUND

Johnson is a quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. GTD Ventures owns the real property located at 1618 S. El Camino Real. *Id*. at ¶¶ 2-3. Defendant Visible Vibrations owned and operated Visible Vibrations at the same address. *Id.* ¶¶ 4-5.

In July 2021 Johnson went to Visible Vibrations with the intent to avail himself of its goods or services, motivated in part to determine if the business complied with disability access laws. *Id.* ¶ 10. However, on the date of his visit, Defendants failed to provide accessible door hardware in conformance with ADA standards. *Id*. ¶ 12. Johnson claims he will return to Visible Vibrations to avail himself of its goods or services and to determine disability access compliance, but he is deterred from returning because of his knowledge of the existing barriers. *Id*. ¶ 27.

Johnson filed this case on September 27, 2021. GTD Ventures and Visible Vibrations both filed answers on November 9. ECF Nos. 12, 13. At the time, they were both represented by David Sidran of Sidran Law Corp. However, on June 14, 2022, Sidran moved to withdraw as counsel for Visible Vibrations, citing an irretrievable breakdown of the attorney-client relationship. ECF No. 33. The Court granted Sidran's motion on June 29. ECF No. 36. As Visible is a corporation and can only appear through licensed counsel, the Court directed Visible to file substitution of counsel by July 29, 2022. The Court also directed Sidran to serve all papers from the Court and from other parties on Visible Vibrations for forwarding purposes until a substitution of counsel is filed. As of September 16, Visible Vibrations had made no subsequent appearance, and the Court therefore ordered it to show cause why default should not be entered against it. ECF No. 48. The Court also set a show cause hearing on October 13. Visible Vibrations failed to respond to the show cause order.

In the meantime, on October 5 Johnson and GTD Ventures filed a stipulation for dismissal of this case "as to all parties" pursuant to Rule 41(a)(1)(A)(ii). ECF No. 51. As Visible Vibrations filed an answer, the Court informed the parties that dismissal "as to all parties" by stipulation was not permitted without its signature. ECF No. 52. The Court directed Johnson and GTD Ventures to appear at the October 13 show cause hearing to discuss the status of the case.

2

1    Johnson and GTD Ventures subsequently filed a stipulation for dismissal of Johnson's claims
2    against GTD Ventures only.  ECF No. 53.

3      Visible Vibrations failed to appear at the October 13 hearing.  However, Johnson's counsel
4    appeared and stated that the subject business is closed, Johnson's federal ADA claim is therefore
5    moot, and he intended to dismiss the case without prejudice to filing in state court.  ECF Nos. 55-
6    56.  As such, the Court ordered Johnson to file a motion to dismiss Visible Vibrations under Rule
7    41(a)(2) or a status report by October 27.  ECF No. 55.  If moving for dismissal, the Court
8    instructed Johnson to (1) explain why Visible Vibrations will not be prejudiced or unfairly
9    affected by dismissal, (2) state whether the dismissal should be with or without prejudice, and (3)
10   state what terms and conditions, if any, he believes the Court should impose.

11     On October 17 Johnson filed a four-sentence motion to dismiss that did not identify the
12   authority under which he sought dismissal and did not address the three factors as instructed.  ECF
13   No. 57.  The Court denied the motion and directed Johnson to file a revised motion.  ECF No. 58.
14   Johnson filed the present motion on October 25.  He requests the Court dismiss his ADA claim
15   with prejudice and dismiss his Unruh Act claim without prejudice to refiling in state court.

### III. LEGAL STANDARD

17     A plaintiff may dismiss an action without a court order in two circumstances: "(i) a notice
18   of dismissal before the opposing party serves either an answer or a motion for summary judgment;
19   or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P.
20   41(a)(1).  Absent one of these circumstances, "an action may be dismissed at the plaintiff's request
21   only by court order, on terms that the court considers proper."  Fed. R. Civ. Proc. 41(a)(2).  In this
22   Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound
23   discretion of the District Court."  *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145
24   (9th Cir. 1982).  "The purpose of the rule is to permit a plaintiff to dismiss an action without
25   prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal."
26   *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations
27   omitted). When evaluating a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court
28   must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or

without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

The Ninth Circuit has held that a motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). However, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* at 976 (internal quotation marks omitted). Mere threat of future litigation, without more, does not constitute legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.*

## IV.    DISCUSSION

**A.    ADA Claim**

Johnson seeks to dismiss his ADA claim against Visible Vibrations because the subject business has permanently closed. Mot. at 1. Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotations omitted). Mootness thus deprives a court of jurisdiction over an issue. *See Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir. 1996). If, due to some event that occurs during litigation, "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," the case must be dismissed as moot. *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (a case is moot when "there is nothing for [the court] to remedy, even if [it] were disposed to do so").

Because "damages are not recoverable under Title III of the ADA," *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), Johnson seeks injunctive relief for Visible Vibrations' alleged violations. However, he now states that the business has permanently closed. It is well-

4

established that in order to obtain injunctive relief under the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). This can either be done "by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (en banc). If, however, the public accommodation that a plaintiff seeks to patronize shutters its doors, the threat of future injury dissipates. For that reason, the Ninth Circuit has said that "claims for prospective injunctive relief" under the ADA become moot once the business has "ceased operation." *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011); *see also Disabled Rights Action Comm. v. Fremont St. Experience LLC*, 44 F. App'x 100, 103 (9th Cir. 2002) (finding claim for an injunction "moot given that the Race Rock has gone out of business for reasons unrelated to this litigation"); *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1135 n.1 (9th Cir. 2002) (noting with approval that, because "the parties stipulated that the Anderson store has closed," the district court had dismissed plaintiff's ADA claims as to that store as moot).

Here, it is undisputed that Visible Vibrations is no longer operational. *See* Mot. at 2 ("Because the subject property is now permanently closed, Plaintiff's claim for injunctive relief under [the ADA] has been rendered moot and should be dismissed."). "[T]his fact renders the request for an injunction moot and thus deprives the Court of subject matter jurisdiction." *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 910 (N.D. Cal. 2019) (dismissing ADA claim as moot where business closed after lawsuit was filed); *Johnson v. Hub's Coffee LLC*, 2021 WL 4749452, at *1 (N.D. Cal. Oct. 12, 2021) (same). Accordingly, the Court must dismiss Johnson's ADA claim for lack of jurisdiction. As jurisdiction is lacking, dismissal is with prejudice.

**B.     Unruh Act**

Johnson moves for dismissal of his Unruh Act claim without prejudice. Mot. at 2-3. This claim is before the Court pursuant to its supplemental jurisdiction. *See Arroyo v. Rosas*, 19 F.4th 1202, 1209-10 (9th Cir. 2021); 28 U.S.C. § 1367(a). The Court may "decline supplemental

jurisdiction over a claim" if it has "dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). However, when dismissing a state-law claim pursuant to § 1367(c)(3), "a district court need not state its reason for dismissal." *Garcia v. Maciel*, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022) (citing *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998)).

Courts in this District have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing parallel ADA claims. *See, e.g., Whitaker v. Chanel, Inc.*, 2022 WL 1122645, at *6 (N.D. Cal. Apr. 14, 2022); *Johnson v. Techbusiness Res., LLC*, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020); *Johnson v. Mantena LLC*, 2020 WL 1531355, at *6 (N.D. Cal. Mar. 31, 2020); *Johnson v. Torres Enters. LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019); *Johnson v. 1082 El Camino Real, L.P.*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018). Here, because the Court finds that exercising supplemental jurisdiction would not further "the interest of judicial economy, convenience, fairness and comity," it, too, declines to exercise supplemental jurisdiction over Johnson's remaining Unruh Act claim.

Johnson requests that dismissal be without prejudice to refiling the claim in state court. Mot. at 2. As noted above, the Ninth Circuit has held that a motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975. Visible Vibrations has made no such showing; in fact, it failed to respond to Johnson's motion and has made no appearance since its counsel withdrew. Even so, if Johnson chooses to refile his Unruh Act claim in state court, Visible Vibrations would have full opportunity to defend its legal interest, and "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum . . . ." *Id.* at 976; *see also Westlands Water Dist.*, 100 F.3d at 97. As such, the Court finds Visible Vibrations will not be prejudiced or unfairly affected by dismissal without prejudice.

V. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Johnson's motion to dismiss. As dismissal as to Johnson's ADA claim is with prejudice, judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: November 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge